UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDRE THURSTON, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES BUREAU OF PRISONS, *et al*, <br><br> Defendants. | Civil Action No. 03-2629 (RWR) |

MEMORANDUM OPINION AND ORDER

In this action filed *pro se*, plaintiff, a federal prisoner, alleges that the Bureau of Prisons ("BOP") improperly relied on erroneous information contained in his presentence investigation report when classifying him at the "[g]reatest [s]everity" level. Amended Complaint at 6. He sues the agency and several BOP employees under the Privacy Act, 5 U.S.C. § 552a, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Defendants have moved to dismiss the amended complaint pursuant to several provisions of Rule 12(b) of the Federal Rules of Civil Procedure.[2] In the alternative, defendants ask that the case be transferred pursuant to 28 U.S.C. § 1404 to the Middle District of Florida. The parties'

---

[1] The individually named defendants are Christopher Erlewine, Raymond Holt, Donald Mckelvy, Ms. Santana, L. Fahie, and J. Roy.

[2] Defendants invoke subsections 1, 2, 3, 5 and 6. Defendants have not articulated a basis for dismissing the case for lack of subject matter jurisdiction, and the Court discerns no such basis inasmuch as plaintiff has invoked federal law. The motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) therefore is denied. In light of the resolution discussed below, defendants' bases for dismissal under subsections 2, 3 and 5 need not be addressed.

submissions and the record in the case do not demonstrate that it is in the interests of justice to transfer the case as a matter of convenience. *See* 28 U.S.C. § 1404(a). Rather, it is more appropriate to maintain jurisdiction over the case which, after resolution of the pending motion, will consist of one claim under the Privacy Act that is likely to be resolved after the record is supplemented.

## I.  BACKGROUND

Plaintiff is serving a sentence for Conspiracy to Possess with Intent to Distribute Crack Cocaine to which he pleaded guilty on March 4, 1996. He alleges that defendants failed to investigate his claim of inaccurate records "regarding the quantity of drugs(s) attributed to [him] in the P.S.I. and the quantity of drug(s) involved in [his] offenses and regarding plaintiff's alleged leadership role." Amended Complaint at 6. As a result, plaintiff contends that he has suffered "unequal treatment, arbitrary classification, higher security housing, erroneous quarters assignment and [the deprivation] of other opportunities and assignment [to which] he was entitled." *Id* at 7. Plaintiff seeks declaratory and injunctive relief and monetary damages exceeding $300,000.

## II.  DISCUSSION

### 1.  Bivens Claim

*Bivens* provides a cause of action against federal officials in their individual capacities for their commission of constitutional violations while acting under color of federal authority. 403 U.S. at 395-97. Plaintiff seeks to hold the individual defendants liable for their alleged failure to investigate his claim of inaccuracies in his presentence report. However, the Privacy Act's comprehensive remedial scheme governing the maintenance and use of agency records

precludes any recovery under *Bivens*. *See Chung v. U.S. Department of Justice*, 333 F.3d 273, 274 (D.C. Cir. 2003) (affirming the dismissal of a *Bivens* claim where the constitutional claims were found to be "encompassed within the remedial scheme of the Privacy Act"); *accord*, *Spagnola v. Mathis,* 859 F.2d 223, 228-29 (D.C. Cir. 1988). Moreover, individual defendants cannot be sued under the Privacy Act. *See* 5 U.S.C. § 552a(g)(1); *Brown-Bey v. United States*, 720 F.2d 467, 469 (7th Cir. 1983); *Armstrong v. United States Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997), *summarily aff'd, Armstrong v. Fed. Bureau of Prisons*, No. 97-5208, 1998 WL 65543 (D.C. Cir. Jan. 30, 1998). Therefore, with respect to the individual defendants, plaintiff has failed to state a claim upon which relief may be granted.

### 2. Privacy Act Claims

The Privacy Act requires federal agencies to maintain records used in making determinations "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination [about the individual]. . . ." 5 U.S.C. § 552a(e)(5). Section 552a(d) allows individuals access to agency records about themselves and to request the amendment of records "they believe to be inaccurate, irrelevant, untimely, or incomplete." *Doe v. Federal Bureau of Investigation*, 936 F.2d 1346, 1350 (D.C. Cir. 1991). Subsections (g)(1)(A) and (C) authorize civil actions to enforce the amendment and accuracy requirements. In addition, subsection (g)(4) provides for monetary damages, costs and attorneys' fees where the agency is shown to have acted intentionally or willfully. *See Doe v. Federal Bureau of Investigation*, 936 F.2d at 1350; *accord Deters v. United States Parole Commission*, 85 F.3d 655, 660-61 (D.C. Cir. 1996); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310-12 (D.C. Cir. 1992). An agency may be liable for "actual damages sustained by

the individual as a result of the refusal or failure" to maintain accurate records and "consequently a determination is made which is adverse to the individual. . . ." 5 U.S.C. § 552a(g)(1)(C) and (g)(4)(A).

    A.  <u>Amendment of Records</u>

Plaintiff seeks amendment of his BOP records, but the BOP has properly exempted its Inmate Central Record System, where presentence reports are maintained, from the Privacy Act's amendment requirements.  *See* 28 C.F.R. § 16.97(a); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam); *Deters v. United States Parole Commission*, 85 F.3d at 658, n.2.  Plaintiff therefore fails to state a claim upon which this relief may be granted.

    B.  <u>Monetary Damages</u>

Defendants assert that BOP records are also exempt from the Privacy Act's accuracy provision (subsection (e)(5)) and, thus, BOP is exempt from liability under the Privacy Act's damages provision (subsection (g)(1)(C)).  Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss First Amended Complaint at 15 (*citing* 28 C.F.R. § 16.97(j) (effective Aug. 9, 2002).  BOP does not appear, however, to have wholly exempted its records from the requirements of subsection(e)(5).  Under the controlling regulation, BOP may waive the exemption "[w]here compliance would not appear to interfere with or adversely affect the law enforcement process, and/or <u>where it may be appropriate to permit individuals to contest the accuracy of the information collected</u>."  28 C.F.R. § 16.97(k) (emphasis added). Plaintiff alleges that BOP staff failed to comply with BOP policy on "Inmate Challenge[s] to

Information" set forth in Program Statement ("PS") 5800.11 at 19, ¶ (15)(c) (Sept. 8, 1997).[3] *See* Plaintiff's Brief in Opposition to the Defendant's Motion to Dismiss or, in the Alternative, to Transfer Venue at 9.  BOP has not addressed the regulation's waiver provision, and the Court cannot determine on this record whether the internal procedures for correcting inmate records may constitute a subsection (k) waiver.[4]  The Court therefore will deny defendants' motion with respect to the claim arising from the accuracy provision without prejudice to reconsideration after supplementation of the record.  Accordingly, it is this 4th day of August 2005,

ORDERED that defendants' motion to dismiss the amended complaint [# 40] is GRANTED in part and DENIED in part.  The motion is granted pursuant to Fed. R. Civ. P. 12(b)(6) on all claims except the claim for damages based on the accuracy provision of the Privacy Act.  It is further

---

[3]  BOP policy as reflected in its program statement retrievable from its website (www.bop.gov) requires BOP staff to verify disputed information that is capable of being verified.  As an example, it instructs staff to "inform the appropriate U.S. Probation Office . . . in writing of [] disputed information" contained in a presentence report.  PS 5800.11 at 19.  Here, in response to plaintiff's complaints about the presentence report, the BOP wrote a letter to the Chief Probation Officer of the Eastern District of North Carolina to "attempt to resolve [plaintiff's] claim that the information contained in his Presentence Investigation Report is inaccurate."  First Amended Complaint, Exhibit I.  The letter presents plaintiff's challenge to statements about his financial condition but does not mention the challenged information forming the basis of this complaint.

[4]  If the Court finds that BOP has not waived the exemption, its review is concluded.  On the other hand, a finding of a waiver may result in a review of the damages claim on the merits by determining, among other factors, the accuracy of the challenged information contained in the presentence report.  *See Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002) (damages claim consists of allegations of "inaccurate records, agency intent, proximate causation, and an adverse determination").  Neither party has provided a copy of the presentence report.  Plaintiff will be directed to supplement the record by filing the document under seal.

ORDERED that within forty-five (45) days from the date of this Order, defendant BOP shall file a memorandum addressing the applicability of the waiver provision of 28 C.F.R. § 16.97(k) to the circumstances of this case, and, if appropriate, renew its motion for dispositive relief. It is further

ORDERED that within thirty (30) days from the date of this Order, plaintiff shall file under seal a copy of his presentence investigation report. Pursuant to Local Civil Rule 5.1(j), plaintiff shall submit the document to the Clerk's Office securely sealed in an envelope with a conspicuous notation stating "DOCUMENT UNDER SEAL."

_____/s/_____
RICHARD W. ROBERTS
United States District Judge